In the Matter of Allison Riley ANDERSON.

No. 66S00–9905–DI–302.

Supreme Court of Indiana.

July 25, 2002.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Pursuant to Count I of the verified complaint underlying this action, the respondent admits that she stole a prescription pad from a physician in order to procure controlled substances. She was charged with a class D felony for possession of a controlled substance on April 21, 1999. Pursuant to Counts II–V, the respondent admits that she undertook legal matters on behalf of clients, accepted retainer fees, then abandoned her practice without refunding unearned fees or notifying the clients.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness; Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters; Prof.Cond.R. 1.16, which requires lawyers promptly to refund unearned legal fees upon termination of representation; Prof.Cond.R. 8.4(b), which prohibits lawyers from engaging in criminal acts which reflect adversely on their honesty, trustworthiness, or fitness as an attorney; Prof. Cond.R. 8.4(d), which prohibits lawyers from engaging in conduct that is prejudicial to the administration of justice; and Prof.Cond.R. 8.4(c), which prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** Suspension from the practice of law for not fewer than two (2) years, with credit given for the time she had been suspended *pendente lite*, beginning August 29, 1999. Because this period of suspension has concluded, the respondent may petition for reinstatement pursuant to Admis.Disc.R. 23(4).

This Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, noting, however, that the sanction may have been more severe had this been a litigated case, and was approved here because it was agreed and because the respondent has already been suspended for almost three years. The Clerk of this Court is directed to forward notice of this Order to the respondent, the Disciplinary Commission, the hearing officer, and all other entities pursuant to Admis.Disc.R. 23(3)(d). Costs of this proceeding are assessed against the respondent.

All Justices concur.